435 F.2d 772
 Floyd WILLIAMS, Frederick C. Williams, et al., Plaintiffs-Cross Appellees,
I. R. Price, Edward H. Taussig and Edwin F. Gayle, Plaintiffs-Appellants-Cross Appellees,
v.
HUMBLE OIL & REFINING COMPANY, Defendant-Appellee-Cross-Appellant.
 No. 26968.
 United States Court of Appeals, Fifth Circuit.
 December 8, 1970.
 
 Moise S. Steeg, Jacqueline McPherson, Steeg & Shushan, New Orleans, La., Victor A. Sachse, Victor A. Sachse, III, Fernando J. Freyre, Breazeale, Sachse & Wilson, Baton Rouge, La., for plaintiffs-appellants.
 Benard J. Caillouet, Lancelot P. Olinde, R. King Milling, H. H. Hillyer, Jr., New Orleans, La., for Humble Oil & Refining Co., defendant-appellee; Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., of counsel.
 Marvin L. Skelton, Midland, Tex., Atlantic Richfield Co.; F. Zengel, New Orleans, La., Chevron Oil Co.; Clyde E. Willbern, Houston, Tex., Getty Oil Co.; Riley B. Fell, Tulsa, Okl., Marathon Oil Co.; R. M. Talley, New Orleans, La., Mobil Oil Corp.; H. Y. Rowe, El Dorado, Ark., Murphy Oil Corp.; William P. Hardeman, New Orleans, La., Pan American Petroleum Corp.; E. M. Sutter, New Orleans, La., Shell Oil Co.; Peter Y. Smith, Southern Natural Gas Co.; Austin W. Lewis, Gene W. Lafitte, New Orleans, La., for amici curiae; Liskow & Lewis, New Orleans, La., of counsel.
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 Before WISDOM and DYER, Circuit Judges, and KRENTZMAN, District Judge.
 WISDOM, Circuit Judge:
 
 
 1
 The Court has considered all of the issues raised in Humble's Petition for Rehearing and Suggestion of Rehearing en Banc and the brief of the amici curiae in support of the petition for rehearing.
 
 
 2
 Humble and amici curiae argue strenuously that this Court erred in holding that "the Louisiana courts would characterize as `active' the lessee's failure to prevent the drainage that he is in fact causing by his own operations on adjoining property." See Williams v. Humble Oil & Refining Co., 5 Cir., 1970, 432 F.2d 165. We agree with the petitioners that under Louisiana law the breach of an implied obligation in an oil and gas lease is generally a passive breach, which requires notice and a formal demand. But we cannot agree that the alleged breach in the circumstances of this case was merely passive.
 
 
 3
 We have found no case in which the Louisiana courts have classified a lessee's failure to prevent the drainage that he is in fact causing by his own operations on adjoining property. In Breaux v. Pan American Petroleum Corp., La.App. 3 Cir. 1964, 163 So.2d 406, the question of notice did not arise, inasmuch as the plaintiffs made a formal demand before filing suit. Id. at 408. Nevertheless, the petitioners now argue that Breaux holds that the alleged breach in a factual situation of this kind is only passive. Specifically, they point to the court's statement in Breaux "that plaintiffs in this suit have no greater rights and no different cause of action against defendants-lessees simply because the defendants are also the lessees of the adjoining tract of land on which the alleged draining well is located." Id. at 417. We do not dispute this statement, but we cannot agree that the language is controlling on the issue of notice.
 
 
 4
 In Breaux the plaintiffs argued that when the defendant occupies the dual position of being lessee of the plaintiffs' property and also lessee of the adjoining tract on which the draining well is located, the plaintiff lessor is then entitled to one-half the royalties due on production from the draining well. In the words of Judge Hood, "The question presented, therefore, is whether a different measure of damages should be used where plaintiff's lessee is also the operator of the draining well." Id. at 416. The language to which petitioners refer is the court's answer to that question. By that language the court was simply reaffirming its holding that even in a factual situation of this kind, to recover damages the lessor must prove (1) that substantial drainage has occurred, (2) that it would have been economically feasible for the lessee to take steps to prevent the drainage, and (3) the amount of royalties that the lessor would have received had the lessee taken the appropriate steps. In other words, the plaintiffs in this case have no greater rights or different cause of action than do the plaintiffs in an ordinary drainage action. But the court's views on the requisite proof of drainage and the proper measure of damages cannot be treated as controlling on the question of notice, especially when that question was not even presented to the court.
 
 
 5
 As pointed out in our original opinion, in Billeaud Planters, Inc. v. Union Oil Co. of California, 5 Cir. 1957, 245 F.2d 14, the Court characterized the lessee's failure to prevent the drainage that he was also causing as "only a passive breach of contract." Id. at 18. We did not follow Billeaud, however, as the characterization there seemed both unnecessary to the result in the case and also based on scant authority. The petitioners now argue that the classification of the breach was essential to the decision and cite additional authorities to support the finding of a passive breach.
 
 
 6
 We still do not consider ourselves bound by that statement in Billeaud. Since the Court's decision in Billeaud a line of cases has developed in which the Louisiana courts have indicated that, in some instances at least, a willful failure to perform an obligation may amount to action inconsistent with the contract, i. e., an active breach of the contract. See Bollinger v. Texas Co., 1957, 232 La. 637, 95 So.2d 132; Melancon v. Texas Co., 1956, 230 La. 593, 89 So.2d 135; Fontenot v. Sunray Mid-Continent Oil Co., La.App.3d Cir. 1967, 197 So.2d 715; Sellers v. Continental Oil Co., La.App. 3d Cir. 1964, 168 So.2d 435; Pierce v. Atlantic Ref. Co., La.App.3d Cir. 1962, 140 So.2d 19; Bailey v. Meadows, La. App.2d Cir. 1961, 130 So.2d 501; cf. Jones v. Whittington, La.App.2d Cir. 1965, 171 So.2d 764. In addition to the analogy to this growing number of cases on the nonpayment of royalty, the Billeaud Court lacked the advantage of Professor Hardy's cogent analysis of civilian concepts of fault. In his words,
 
 
 7
 The act of draining two leases by means of one well is not merely a passive failure to comply with an obligation to protect the drained lease, it is conduct clearly inconsistent with that obligation if it occurs in the face of actual or constructive knowledge of the drainage. Thus, the lessee's action should properly be viewed as an active breach of his lease contract.
 
 
 8
 Hardy, The Work of the Louisiana Appellate Courts for the 1963-64 Term — Mineral Rights, 25 La.L.Rev. 360, 365-66 (1965). See also Note, 18 La.L.Rev. 354 (1958).
 
 
 9
 For these reasons as well as those expressed in our original opinion, we adhere to our conclusion that the Louisiana courts would characterize as "active" the breach of the lessee's obligation to protect against drainage that the plaintiffs allege occurred in this case. If the plaintiffs can prove their allegations, they are entitled to damages despite their failure to give notice before commencing this lawsuit.
 
 
 10
 The Petition for Rehearing on behalf of Humble Oil is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.